Gelica **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ANGELICA SCOTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| DIVERSIFIED ADJUSTMENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ANGELICA SCOTZ ("Plaintiff"), through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, DIVERSIFIED ADJUSTMENT SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Birmingham, Jefferson County, Alabama.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency located in Fridley, Minnesota.

11. Defendant is a business entity engaged in the collection of debt within the State of Alabama.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff originating with Verizon Wireless.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-6945, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 205-778-3637 and 207-778-3738, which are two of Defendant's telephone numbers.

22. On or around September 4, 2018, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

23. During the aforementioned conversation, Plaintiff requested for Defendant to stop calling her.

24. Despite Plaintiff's request for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff's telephone.

25. Specifically, Defendant placed collection calls to Plaintiff's telephone on September 12, 2018 at 1:27 p.m., September 17, 2018 at 5:06 p.m., September 18, 2018 at 3:45 p.m., and September 20, 2018 at 10:11 a.m.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff

     despite Plaintiff's request for Defendant to stop calling her; and

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number, when Defendant continued to call Plaintiff despite Plaintiff's request for Defendant to stop calling her.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ANGELICA SCOTZ, respectfully requests judgment be entered against Defendant, DIVERSIFIED ADJUSTMENT SERVICES, INC., for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

                                                          RESPECTFULLY SUBMITTED,

DATED: November 29, 2018         By: /s/M. Brandon Walker
                                                 **M. Brandon Walker**
                                                 Walker McMullan, Attorneys
                                                 242 West Valley Avenue, Suite 312
                                                 Birmingham, AL 35209
                                                 Tel: 205-417-2541
                                                 E-mail: brandon@walkermcmullan.com
                                                 Attorney for Plaintiff